UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

JUDITH HANDY,

      Plaintiff,

vs.                                                JURY TRIAL DEMANDED

THE UNITED STATES OF
AMERICA and JENEVIEVE
NICOSON,

      Defendants.

_____/

## COMPLAINT

COMES NOW, **JUDITH HANDY ("HANDY")** Plaintiff herein, and by and through undersigned counsel, hereby sues Defendants, **THE UNITED STATES OF AMERICA ("USA")**, and **JENEVIEVE NICOSON** for grounds alleged as follows:

## JURISDICTION

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA) §1346(b) and §2671-2680, Title 28, United States Code.

1

2. On December 8, 2020, Plaintiff submitted her Administrative Claim with supporting documentation to the Tort Claims Coordinator for **USPS**. True and correct copies of the correspondence from the USPS Tort Claim Coordinator acknowledging receipt and adjudication of said claim are attached hereto as Exhibit "A."

3. On April 16, 2021, the USPS Tort Claim Coordinator responded to the Administrative Claim submitted by the Plaintiff. The Plaintiff's claim was denied. This lawsuit is filed within the six month period after the "final action" of the USPS Tort Claim Coordinator denying the claim. Accordingly, all conditions precedent to filing of the subject action pursuant to the Federal Tort Claims Act have either been met or waived.

4. At all times material to this action, Defendant, **JENEVIEVE NICOSON** resided in Brevard County, Florida.

5. Venue is properly within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the Middle District of Florida.

## PARTIES

6. At all times material hereto, the United States Postal Service ("**USPS**") was an agency of The United State of America ("**USA**").

7. At all times material hereto, Defendant, **NICOSON**, was a resident of Brevard County, Florida.

8. At all times material hereto, Plaintiff, **HANDY**, was a resident of Rockingham County, North Carolina.

9. USA is an appropriate defendant under the Federal Tort Claims Act.

10. Defendant **USA** can be served with Summons and Complaint herein upon A. Brian Albritton, Esq., United States Attorney for the Middle District of Florida, at 501 W. Church Street, Ste. 300, Orlando, FL 32805.

11. Defendant **NICOSON** can be personally served with the Summons and Complaint herein.

12. Plaintiff will send, contemporaneously with service of Complaint herein upon Defendants **USA** and **NICOSON**, copies of Complaint and Summonses herein by certified mail to the Attorney General pursuant to Federal Rule 4(i)(1)(B) and to the Postmaster General pursuant to Federal Rule 4(i)(2).

## FACTS

13. On March 08, 2019, Plaintiff, **HANDY**, was a passenger in a 2009 Lexus RX350 which was stopped at a red traffic light facing eastbound on South Street at or near the intersection of S. Hopkins Avenue in Brevard County, Florida.

14. At the aforesaid time and place, Defendant, **NICOSON**, was operating a silver 2008 "Scion xB."

15. At the aforesaid time and place, Defendant, **USA**, owned a 1993 Grumman Van that was being operated by one of their employees, Bernardino Maldonado Colon. The employee driver, Mr. Colon, was operating the vehicle with the express consent, and at the direction of **USPS**, an Agency of Defendant, **USA**.

16. At the aforesaid said time and place, Defendant, **NICOSON**, and Bernardino Maldonado Colon, driving as an employee for **USPS**, collided at the intersection of South Street and South Hopkins Avenue in Titusville, FL. This collision by the two vehicles then caused the **USPS** van to collide with Plaintiff, **HANDY's** vehicle, where she was a passenger.

17. At the aforesaid time and place, the vehicle operated by Bernardino Maldonado Colon, employee of **USPS**, struck the front side of Plaintiff, **HANDY's**, vehicle, causing damage, and injury to Plaintiff, **HANDY**.

18. At all times material hereto, Bernardino Maldonado Colon, was an agent, servant, and employee of Defendant, **USPS**, and was acting within the line, course and scope of his employment.

19. At all relevant times, Defendant, **USPS**, was the owner of the 1993 Grumman Van being operated by Bernardino Maldonado Colon, with the express permission and consent of **USPS**.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

20. This case is brought against the **USA** pursuant to 28 U.S.C. §2671 *et seq.*, commonly referred to as the Federal Tort Claims Act. Liability of USA is predicated specifically on 28 U.S.C. §1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this Complaint were proximately caused by the negligence, wrongful acts and/or omissions of an employee of **USPS** through its agency. This employee was acting within the course and scope of her office or employment, under circumstances where **USPS** and **USA,** if private persons, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Florida.

21. Pursuant to 28 U.S.C. §2675, the claims of Plaintiff, **HANDY**, were presented to the appropriate agency of the Defendant, **USA**, on July 8, 2020, and received by **USPS** on July 10, 2020. Said Defendant responded and adjudicated Plaintiff's claims within six months of receipt thereof and, accordingly, Plaintiff's claims were denied on or about April 16, 2021.

## FIRST CAUSE OF ACTION – NEGLIGENCE
### (Against UNITED STATES OF AMERICA)

22. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

23. Defendant, **USA**, is liable for the negligence of their employee driver, Mr. Bernardino Colon, pursuant to Florida's Dangerous Instrumentality Doctrine.

24. Defendant, **USA**, as employer and principal, is vicariously liable for the negligence of Mr. Bernardino Colon, the employee and agent of **USPS** and **USA**.

25. As a direct and proximate result of the negligence of Mr. Bernardino Colon, for which Defendant, **USA**, is liable, Plaintiff, **HANDY**, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are permanent and continuing in nature within a reasonable degree of medical probability and the Plaintiff will suffer these losses in the future.

26. As a further direct and proximate result of the negligence of Mr. Bernardino Colon, for which Defendant, **USA**, is liable, Plaintiff's personal property, including his vehicle and certain contents thereof, was lost, damaged or destroyed, the value of which will be proven at the time of trial.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, **JUDITH HANDY**, hereby demands judgment against Defendant, **THE UNITED STATES OF AMERICA,** for all damages allowable by law, costs of this action and such other relief as the Court deems meet and proper. Plaintiff demands trial by jury on all issues triable as of right before a jury.

## SECOND CAUSE OF ACTION – NEGLIGENCE
### (Against JENEVIEVE NICOSON)

27. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

28. At the time and place of the incident alleged herein, Defendant **NICOSON**, negligently operated and/or maintained the vehicle she was driving, causing it to collide with the vehicle operated by Plaintiff, **HANDY**.

29. At the time and place of the incident alleged herein Defendant, **NICOSON**, had a duty to exercise ordinary care and operate her vehicle in a safe, reasonable and prudent manner, and breached that duty by violating Plaintiff's right-of-way, failing to yield to Plaintiff, failing to timely apply her brakes, failing to maintain a proper lookout, failing to take any evasive action to avoid causing the collision with Plaintiff's vehicle, and in such other and further particulars as the evidence may show.

30. As a direct and proximate result of the negligence of the Defendant, **NICOSON**, Plaintiff, **HANDY**, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are permanent and continuing in nature within a reasonable degree of medical probability and the Plaintiff will suffer these losses in the future.

**WHEREFORE,** for all of the foregoing reasons, Plaintiff, **JUDITH HANDY,** hereby demands judgment against Defendant, **JENEVIEVE NICOSON** for all damages allowable by law, costs of this action and such other relief as the Court deems meet and proper. Plaintiff demands trial by jury on all issues triable as of right before a jury.

**RESPECTFULLY** submitted this 2nd day of July, 2021

Ryan McCarville, Esq.
FBN: 0117831
Morgan & Morgan, P.A.
940 S Harbor City Blvd
Melbourne, FL 32901
Telephone: (321) 327-6263
Facsimile: (321) 327-6897
Primary email:
rmccarville@forthepeople.com
Secondary email:
mhutchinsonwilkins@forthepeople.com
Attorney for Plaintiff